5/13/19

STATE OF MAINE                                    DISTRICT COURT
CUMBERLAND, ss.                                   PORTLAND
                                                  Docket No. SC-19-179

JORDAN FOLSOM                    )
                                 )
            Plaintiff            )
                                 )
v.                               )               JUDGMENT
                                 )
                                 )
BAYLEY'S CAMPGROUND, INC.        )
                                 )
            Defendant            )

REC'D CUMB CLERKS OF(
MAY 13 '19 PM 1:33

      This small claims action, in which Mr. Folsom seeks to recover unpaid sums he claims were earned through his work at Bayley's Campground, was tried on April 25, 2019. Mr. Folsom appeared and represented himself. Attorney Keith Richard appeared on behalf of Bayley's Campground. The court heard testimony from Mr. Folsom and from Gaelan Bayley, and admitted a number of exhibits, including the governing employment contract, a previous employment contract between the parties, and Profit and Loss Statements for 2015, 2016, 2017 and 2018. Having considered the evidence adduced at hearing in light of Maine law, the court finds and concludes as follows:

      Mr. Folsom's claim arises out of his work as the Food and Beverage Manager for Bayley's Campground. His first contract was negotiated in November 2015 and he commenced work in April 2016. His work that year as well as in subsequent years was divided into periods, with different pay structures depending on the season. In addition to salary payments, each of his employment contracts provided that he would receive a bonus "based on the percent of profit from the Seaside Square Café … and on the percent of profit from the Little River Bar & Grille" – the two restaurants on site. The Seaside Square Café profits included profits from the campground's catering services as well. The employment contract, which Plaintiff drafted, does not define the term "profit."[1] In 2015 and 2016 Mr. Folsom's agreed-upon bonus was 10% of the percent of profit from Little River Bar & Grille and 20% of the percent of profit from Seaside Square Café. In 2017

---

[1] It is a well-settled rule of construction that ambiguities in a contract are construed against the drafter. *See, e.g., Barrett v. McDonald Invs., Inc.* 2005 ME 43, ¶ 17 ("A bedrock rule of contract interpretation is that ambiguities in a document are construed against its drafter").

and 2018, the agreed-open bonus was increased for the Little River Bar & Grille so that Mr. Folsom would receive a 20% bonus for both restaurants. *See* Plaintiff's Exhibits 1 & 8.

When Mr. Folsom began his first season of work, he was provided the profit and loss statement break-down which showed the bonus calculation for his predecessor. *See* Plaintiff's Exhibits 2 & 3. The profit and loss statements used in calculating Mr. Folsom's bonus for 2016 as well as his bonus for 2017 used the same methodology as employed in Exhibits 2 & 3. *See* Plaintiff's Exhibits 4, 5, 6 & 7. However, in calculating the net profits from which Mr. Folsom's 2018 bonus would be derived, two additional expense items were included: $11,950 in "entertainment expenses" and $11,236.78 in "payroll tax expenses." *See* Plaintiff's Exhibit 9. Mr. Bayley testified that he learned from Defendant's accountant that these items had been inadvertently omitted from previous profit and loss statements. Defendant contends that because the plain meaning of "profits" necessarily includes deducting the total restaurant expenses from the total restaurant proceeds, and because entertainment and payroll tax expenditures are part of the total restaurant expenses, it properly calculated Mr. Folsom's 20% 2018 bonus based on the 2018 profit and loss statement admitted as Plaintiff's Exhibit 9.

The court finds, however, that the meaning of "profits" is informed by the parties' course of dealing. As recognized in the Restatement (Second) of Contracts § 223, "A course of dealing is a sequence of previous conduct between the parties to an agreement which is fairly to be regarded as establishing a common basis of understanding for interpreting their expressions and other conduct. Unless otherwise agreed, *a course of dealing between the parties gives meaning to or supplements or qualifies their agreement.*" *Id.* § 223(1)& (2) (emphasis added). Although entertainment and payroll tax expenses had been incurred in previous years, such expenses did not figure into the calculation of Mr. Folsom's predecessor's bonus or into the calculation of Mr. Folsom's bonus for the years 2015, 2016 & 2017. Mr. Folsom could reasonably assume from the parties' course of dealing that his bonus for 2018 would be calculated the same way. He was not notified of any change until he had completed his work for the season. In these circumstances, the court finds that Mr. Folsom was entitled to receive a 2018 bonus calculated as it had been in the past.

Along with the $ 4,637.36 constituting the difference between the bonus Mr. Folsom received and the bonus to which he was entitled, Mr. Folsom seeks to recover an additional $500, representing payment for the extra week of work he provided in October 2018. Defendant does

2

not dispute that a week's work was performed after October 16, 2018, but contends that that work was properly considered as part of the next year's contract.

The 2018 contract speaks of four time periods: November 15 to March 27; March 28 to May 22; May 23 to September 4; and September 5 to October 16. It is not disputed that Mr. Folsom worked from October 16 to October 23, a period of time which is not addressed in Exhibit 8. Mr. Folsom was entitled to be paid for that work above and beyond the $39,100 allocated for the time periods addressed in the agreement.

Accordingly, it is hereby ORDERED that Judgment shall enter in Plaintiff's favor and against Defendant in the sum of $ 5,137.36 plus costs of $70.

DATED: _____5|13|2018_____

_____E. Mary Kelly_____
E. Mary Kelly
District Court Judge

**Disclosure Hearing**: This Judgment must be paid within 30 days. If Judgment is not paid in full within 30 days, either party may request the clerk to schedule a disclosure hearing.

**Appeal**: Either party may appeal within 30 days from the date of entry of Judgment.